# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

       vs.                                                                                       Crim. No. 10-49 WJ

MARIO OCHOA-OLIVAS,

       Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INFORMING JURY OF STATUTORY MAXIMUM SENTENCE AND THE ADVISORY GUIDELINE SENTENCE

THIS MATTER comes before the Court upon the Government's Motion in Limine to Preclude Defendant from Informing Jury of Statutory Maximum Sentence and the Advisory Guideline Sentence, filed April 13, 2010 **(Doc. 23)**.

The Government expects Defendant to attempt to inform the jury that it is possible for a defendant convicted of violating 8 U.S.C. § 1326(a) and (b) to be sentenced to a maximum of 20 years imprisonment. Defendant may also try to inform the jury of his possible guideline range, which is above 51 months (and could be as high as 70-77 months). The Government seeks an Order prohibiting the defense from mentioning or putting forth any of this information in the jury's presence.

The Government argues that allowing such information to be given to the jury is contrary to the relevant case law and is inconsistent with the jury's duty to base its verdict solely upon the evidence and to leave punishment up to the Court (relying on 10th Pattern Instructions 1.04 and 1.20). Defendant argues that the Sixth Amendment affords him a right to inform his trial jury

about his potential sentence and that jury nullification is part and parcel of the Sixth Amendment from a time when the Sixth Amendment was first ratified.

As the Government points out, there is no right to jury nullification. *Crease v. McKune,* 189 F.3d 1188, 1194 (10th Cir. 1999), *citing United States v. Thomas,* 116 F.3d 606, 615 (2d Cir. 1997) (stating "the power of juries to 'nullify' or exercise a power of lenity is just that - a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent."). The Tenth Circuit has fashioned a bright-line rule that "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish,* 925 F.2d 1293, 1299 (10th Cir. 1991), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995). The offenses for which a defendant is tried "do not specifically require jury participation in sentencing. *Id*.

Defendant argues that jury nullification is deeply rooted in early Anglo-American law and practices. However none of the cases he cites provides a basis for granting his motion. Defendant points to *Shannon v. U.S*., in which the United States Supreme Court stated that it "may be necessary" to instruct on the consequences of a verdict only in limited circumstances. . . ." 512 U.S. 573 (1994). This hardly establishes a right to advise a jury about sentencing information for a particular defendant during trial. In fact, the Supreme Court could not have been clearer in cautioning against giving the jury such information:

> It is well established that when a jury has no sentencing function, it should be admonished to "reach its verdict without regard to what sentence might be imposed." . . . The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a

> guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

512 U.S. at 579. *Shannon* envisioned that there could be "limited circumstances" where advising the jury of sentencing consequences could be necessary – "[i]f, for example, a witness or prosecutor states in the presence of the jury that a particular defendant would 'go free' if found [not guilty by reason of insanity], it may be necessary for the district court to intervene with an instruction to counter such a misstatement." 512 U.S. at 587-88. In other words, instructing the jury on sentencing consequences may have a role as a remedy for an error or misstatement – not gratuitously given in the hopes that the jury will nullify a verdict it would have entered based on the law and facts of the case.

Defendant also relies heavily on *United States v. Polouizzi*, 2010 WL 3182695, *33, __ F. Supp.2d__ (E.D.N.Y. 2010), which has a long procedural history. In its most recent iteration, Judge Jack Weinstein allowed the defendant to inform his jury of the statutory mandatory minimums in his case. As trial judge, Judge Weinstein initially denied defendant's motion to furnish the jury with such information. Defendant moved for a new trial after he was convicted, arguing that his jury should have been informed of the mandatory minimum sentence. Judge Weinstein granted the motion for new trial on that basis, basing his ruling on the history of the Sixth Amendment and the origins of jury nullification in early American legal history. Judge Weinstein's opinion included an appendix of a rather extensive bibliography dealing with this subject. *See United States v. Polizzi*, 549 F.Supp.2d 308, 438, 446 (E.D.N.Y. 2008).[1] The

---

[1] Defendant's last name is spelled differently in this caption, although the reason is not mentioned in the cases.

Second Circuit reversed the trial court and held that the defendant did not have a Sixth Amendment right to inform the jury of the mandatory minimum sentence.  *See United States v. Polouizzi*, 564 F.2d 142 (2d Cir. 2009.  On remand on February 11, 2010, Judge Weinstein re-affirmed the Defendant's Sixth Amendment right to furnish the jury with sentencing information, indicating that more extensive memoranda would follow.

While acknowledging the jury's mandate to base its verdict on the evidence, without regard to the verdict's consequences, Judge Weinstein also recognized the possibility – as did the United States Supreme Court in *Shannon* – that "circumstances may exist in which instructing the jury on the consequences of its verdict will better ensure that the jury bases that verdict solely on the evidence and will better discourage nullification." *Polouizzi*, 564 F.3d at 162.  The special circumstance which prompted Judge Weinstein to allow defendant to inform the jury about the mandatory minimum sentence in that case was, in part, the defendant's need for psychiatric help in view of sexual childhood abuse.

The Court is not at all sure why Defendant cited to another Second Circuit case, *U.S. v. Thomas*, 116 F.3d 606 (2nd Cir. 1997) because the case's holding cannot be characterized as supporting a right to jury nullification.  In *Thomas*, the district court dismissed a juror when he allegedly refused to follow the court's instructions on the law.  The court of appeals found error in the dismissal where the evidence raised " the possibility that the juror was attempting to follow the law as instructed, but that he simply remained unpersuaded of the defendants' guilt." *Id*. at 615 (jury nullification "is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent.")

Neither *Shannon* nor *Polouizzi* persuades the Court that this Defendant should be allowed to inform the jury of the statutory maximum sentence and the advisory guideline range.  First

4

and most obvious, *Polouizzi* is inapposite in that the defendant in that case sought to inform the jury of a mandatory *minimum* sentence, directly opposite to the request being made in the instant case.  Second, Judge Weinstein's re-affirmation of his decision allowing that information to be given to the jury is questionable in light of the Second Circuit's earlier express rejection of Judge Weinstein's ruling.

It is true that the Supreme Court has not "expressly held that a court has no authority to inform the jury of the applicable sentence."  *Polouizzi*, 564 F.3d at 161. However, neither *Shannon* nor *Polouizzi* stands for the proposition advanced by Defendant – that Defendant has a right to jury nullification.  In *Shannon*, the Supreme Court held that the defendant was *not* entitled to an instruction informing the jury of the consequences of a "not guilty by reason of insanity" verdict.  Defendant does not offer any information which could be considered the kind of "limited circumstances" envisioned in *Shannon*.  In *Polouizzi*, Judge Weinstein's decision to instruct the jury on a mandatory minimum sentence is questionable (as the Court has already noted) and is not factually relevant to the instant case.

Finally, the Court is unwilling to permit Defendant to inform the jury of either the statutory maximum penalty or the advisory guideline sentence for the offense of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b) for the simple reason that the admission of such evidence would be misleading and confusing to a jury, even if such evidence is somehow relevant (which it is not).  The District of New Mexico is one of the five federal district courts that borders the Republic of Mexico.  Consequently, this district, like the other southwest border districts, has a huge volume of illegal reentry cases.  In the more than eight years I have served as a U.S. District Judge, I cannot recall any defendant convicted of illegal reentry who was sentenced anywhere near the statutory maximum penalty of 20 years.  For Defendant to suggest

to a jury that he will receive a 20-year sentence for illegal reentry is not only speculative but grossly misleading.

As for the advisory sentencing guidelines, defense counsel suggests that Defendant will be facing an advisory sentencing guidelines range of 70 to 77 months upon conviction. Assuming defense counsel is correct, I note that even a sentence on the high end of the guidelines of 77 months is far below the statutory maximum term of 240 months or 20 years. Additionally, as defense counsel knows, the sentencing guidelines are advisory and this Court has authority under the sentencing factors of 18 U.S.C. § 3553(a)(1-7) to vary downward from the guidelines. The intricacies of federal sentencing law are difficult enough for attorneys and judges to master. Jurors should not be required to sort through and understand the details of statutory maximum penalties, advisory guideline ranges, departures and enhancements, and variances pursuant to the statutory sentencing factors. The jurors empaneled to try this case will determine only whether or not the Defendant is guilty of the offense charged and will not be compelled to listen to a crash course in federal sentencing.

Having determined that the relevant case law does not support Defendant's contention that the Sixth Amendment includes a right to jury nullification, the only remaining question is whether Defendant has offered any possible evidence of "limited circumstances" which would persuade the Court that Defendant should be allowed to inform the jury of sentencing consequences. Defendant presents no such circumstances and the Court finds none.

**THEREFORE,**

**IT IS ORDERED** that the Government's Motion in Limine to Preclude Defendant from Informing Jury of Statutory Maximum Sentence and the Advisory Guideline Sentence (**Doc. 23**). is hereby GRANTED, in that Defendant shall be, and is, precluded from instructing the jury

regarding the statutory maximum and advisory guideline range for his case.

_____
UNITED STATES DISTRICT JUDGE