IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                          Civ. No. 12-534 WJ/ACT
                                                             Cr. No. 10-49 WJ

MARIO OCHOA-OLIVAS,

        Defendant/Petitioner.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND REDCOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the Magistrate Judge's Report and Recommendation [Doc. 14] filed February 8, 2013 ("Report"). Defendant Mario Ochoa-Olivas ("Defendant") filed an "Emergency letter motion to discontinue the above civil action No.12-534 WJ Act [sic], and motion for temporary suspension of fine until petitioner is in a better financial position to pay such fine or to defer payment," [Doc. 15] on February 28, 2013 ("Objection").[1] The United States filed its initial Response to Defendant's Motion to Stay Fine [Doc. 16] on March 11, 2013, and its Amended Response to Defendant's Motion to Stay Fine [Doc. 18] on March 12, 2013 ("Response"). Defendant filed "Petitioner['s] Reply Brief in Opposition [to the] Government's Response" [Doc. 19] on May 24, 2013 ("Reply").[2]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. *United States v. Berryman*, No. 11-CV-02708-WYD-KLM, 2012 WL 3245415,*5 (D. Colo. Aug. 8, 2012). While Defendant's "motion" does not specifically identify any of the Magistrate Judge's findings or recommendations to which his motion is being made, the motion appears to be submitted in response to the Report and therefore will be construed as an objection.

[2] Defendant's Reply is untimely. In accordance with the local rules, a reply must be served and filed within fourteen (14) calendar days after service of the response. D.N.M.LR-Civ. 1.4(a). Defendant's Reply was filed more than fourteen days after the Response and is, therefore, untimely. Untimely replies are generally not considered by the Court, however, since Defendant's reply does not add any new argument or facts but simply asks for the same relief sought by the "objection," the Court's ruling herein applies with equal force to Defendant's Reply.

Background Facts and Procedural Posture[3]

Defendant initiated this proceeding pursuant to 28 U.S.C. § 2255, on May 17, 2012, alleging ineffective assistance of counsel. [Doc. 1 and 8.] Defendant alleged his counsel was ineffective in three ways: 1) by failing to inform him that he was facing a fine of $5,926.21 and by failing to object to the fine; 2) by failing to inform him of his right to petition the United States Supreme Court; and 3) by failing to object to the assessment of a 16-level enhancement on the basis of subsequently amended Sentencing Guidelines. *Id.* The Magistrate Judge found that none of Defendant's claims had merit and recommended that this case be dismissed, with prejudice. [Doc. 14.] This Judge agrees with the reasoning set forth by the Magistrate Judge and finds no merit in Defendant's Objection. Therefore, the Court will adopt the Report and Recommended disposition and dismiss this case with prejudice.

**Discussion**

In Defendant's Objection, he asks the Court to "discontinue" his civil action. [Doc. 15 at 1.] Defendant states he no longer wishes to continue the civil action and asks the court to "close this action." *Id*. The only possible construction of this language is that Defendant seeks to voluntarily dismiss his petition for habeas corpus. That is precisely what the Report recommended and what this Court intends to do.

Defendant also asks the Court to suspend the imposition of the fine imposed as a part of his sentence. [Doc. 15 at 1; Doc. 19 at 1.] Defendant claims he is not in a financial position to pay the fine and "it would only be fair to defer such payment or to temporar[ily] suspend the payment until petitioner is capable of doing so." [Doc. 15 at 1; Doc. 19 at 1.] In November of 2011, Defendant filed a motion to terminate the fine. [Cr.Doc. 81.][4] The Court denied that motion and explained that "[n]othing has happened since the Defendant's sentencing date that causes the Court to believe that the fine imposed at the time of sentencing should be altered." [Cr.Doc. 82.] Similarly, with regard to Defendant's current

---

[3] A full recitation of the facts and procedural posture can be found in the Report [Doc. 14, pp. 2 – 4] and will not be repeated here except as necessary for an understanding of the immediate Motion.

[4] References to the criminal docket in case 2:10-cr-00049-WJ are preceded by the initials "Cr." Otherwise, the references are to the civil docket.

requests for a suspension of the imposition of the fine, Defendant has failed to provide any material change in his economic circumstances that might affect his ability to pay the fine. See, 18 U.S.C. § 3572 (d)(3).[5] Therefore, Defendant's request to suspend the fine is denied.

Defendant claims that he is being pressured by "this facility" to pay the fine, "is now being subjected to a harsher punishment," [Doc. 15 at 1], and that the "facility penalize[s] inmates that are late or unable to pay a fixed amount" by the scheduled deadline. [*Id.* at 2.] Defendant also claims that he is earning $18 per month and is being "forced" to pay $25.00 every two months, which he characterizes as "cruel and unusual." [Doc. 19 at 1.] The District Court need not consider frivolous, conclusive or general objections. *Berryman*, 2012 WL 3245415, *5. Further, arguments not provided to the attention of the Magistrate Judge will not be considered in connection with review of nondispositive motions. *Id.* Finally, any conditions-of-confinement claims by a state inmate generally must be brought in a civil rights complaint under 42 U.S.C. § 1983 rather than in a habeas proceeding. *Jackson v. Friel*, 285 F. App'x 537, 538 (10th Cir. 2008).

In this case, Defendant does not offer any evidence to support his conclusory allegations. He did not bring these matters to the attention of the Magistrate Judge, and has not filed a § 1983 action in this Court. Therefore, the Court will not consider Defendant's allegations of harsher treatment or additional punishment.

Defendant cites *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. 2006) apparently claiming that the Bureau of Prisons ("BOP") does not have the authority to schedule his restitution payments. [Doc. 15 at 2.] This argument is without merit. 18 U.S.C. § 3664 addresses restitution by stating that "the [sentencing] court shall ... specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." *Wallette v. Wilner*, 321 F. App'x 735, 738 (10th Cir. 2009) (citing

---

[5] There is some indication that Defendant is able to pay the fine through the BOP IFRP. As the United States explains, while incarcerated, Defendant has paid the $100 Special Penalty Assessment and $50 towards the fine he now seeks to avoid. [Doc. 18 at 3.] Further, Defendant admits is earning $18 per month and paying $25 every two months. [Doc. 19 at 1] While neither the United States, nor Defendant produces any evidence which establishes these payments, Defendant has also not provided evidence that there has been a material change in his economic circumstances.

§ 3664(f)(2)). In *Soroka*, the Court had set the payment schedule at the time of the inmates release to $50.00 per month. *Soroka*, 321 F. App'x at 1097-1098. The petitioner signed an agreement with the Bureau of Prison's Inmate Financial Responsibility Program ("BOP IFRP") to make scheduled payments during his term of incarceration. *Id.*, 321 F. App'x at 1098. Subsequently, the petitioner changed his mind and refused to make payments which led to sanctions imposed against him. *Id*. The district court in Oregon found that "the sentencing court did not establish a specific schedule of restitution payments to be collected by BOP while petitioner was serving his prison sentence. BOP's action in doing so under the IFRP, therefore, was unlawful." *Id.*

In this case, the Court specifically ordered that Defendant pay the $5,926.21 fine "through the defendant's participation in the Bureau of Prison's Inmate Financial Responsibility Program." [Cr.Doc. 63 at 5.] Therefore, unlike the court in *Soroka*, the Court in this case authorized the BOP's IFRP to schedule Defendant's restitution payments during his term of incarceration.

Further, "[b]ecause a challenge to the BOP's authority to set restitution payment terms goes to the execution of [Defendant's] sentence, this claim falls within those properly raised in a petition for habeas corpus under § 2241." *Wallette v. Wilner*, 321 F. App'x 735, 738 (10th Cir. 2009) (citation omitted). Prior to seeking relief under § 2241, federal prisoners must exhaust administrative remedies. *Id*. There is no indication that Defendant has exhausted his administrative remedies or filed a habeas petition with regard to BOP's authority to set a payment schedule. Defendant cannot challenge BOP's authority in his Objection to the Report.

Defendant additionally requests that the payment of the fine be deferred until he is on supervisory release following his incarceration. [Doc. 15 at 2.] As the United States points out, Defendant will not be on supervised release in the United States. Rather, he will be on unsupervised release, deported from this country, and outside of the jurisdiction of the Court. [Cr.Doc. 63 at 2 – 4.] Therefore, there will be no way to collect the fine once Defendant is released. Defendant's request for a deferment is denied.

## Conclusion

For the forgoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation and dismisses this case with prejudice.

_____
United States District Court Judge